AO 106 (Rev. 04/10) Application for a Search Warrant

**FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAR 15 2016

MATTHEW J. DYKMAN
CLERK**

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

Dell Computer, Inspiron 24, Model 5459 Series,
Serial 88KV922

)
)
)   Case No.  16mr 201
)
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A (incoporated by reference).

located in the _____State_____ District of _____New Mexico_____, there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B (incoporated by reference).

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 (a)(1) | Possession with intent to manufacture, distribute, or dispense, a controlled substance. |

The application is based on these facts:

See Attached Affidavit.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Brett Finn, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3-15-16

City and state: Albuquerque NM

_____
*Judge's signature*

Kirtan Khalsa, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE AND DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF<br><br>Dell Computer, Inspiron 24, Model 5459 Series, Serial 88KV922<br><br>as more fully described in Attachment A, incorporated herein by reference.<br><br>CURRENTLY LOCATED AT HOMELAND SECURITY INVESTIGATIONS, ALBUQUERQUE OFFICE EVIDENCE LOCKER, 5441 Watson Dr. SE, Albuquerque, New Mexico 87106.<br><br>(SANDRA COOK) | Case No. _____ |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, Brett Finn being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device described in Attachment A—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I, Brett Finn, am employed as a Special Agent by the Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), Border Enforcement Security Task Force, Albuquerque, New Mexico (BEST/ABQ) and

have been employed in this position since June 2010.  I am an investigative law enforcement officer of the United States, and I am empowered by law to conduct investigations and make arrests for felony offenses.  I have been a federal law enforcement officer for over five years.

3. I successfully completed eleven weeks of Criminal Investigator Training (CITP), and the Immigration and Customs Enforcement Special Agent Training (ICE-SAT) at the Federal Law Enforcement Training Center (FLETC) in Brunswick, Georgia.  I hold a Bachelor's Degree in Criminal Justice and a Master's Degree in Criminal Justice and Criminology from Sam Houston State University in Huntsville, Texas.

4. As a HSI Special Agent, I am authorized and presently assigned to investigate violations of Title 21, United States Code, Section 841 and other violations of federal law.  I have also acquired knowledge and information about such offenses, and the various means and methods by which they are furthered from numerous sources, including formal and informal training from other law enforcement officers, investigators, and Special Agents; interviews of informants and arrestees, and interviews of other knowledgeable individuals.

5. This affidavit is based upon information I have gained from my investigation, my personal observations, training and experience, as well as upon information related to me by other individuals, including law enforcement officers.  Since this affidavit is being submitted for the limited purpose of securing a search warrant, this affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

2

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

6. The property to be searched is a Dell Computer, Inspiron 24, Model 5459 Series, Serial 88KV922, hereinafter the "DEVICE." The DEVICE is currently located at Homeland Security Investigations, Albuquerque Office Evidence Locker, 5441 Watson Dr. SE, Albuquerque, NM 87106.

7. The applied-for warrant would authorize the forensic examination of the DEVICE for the purpose of identifying electronically stored data particularly described in Attachment B.

## RELAVANT STATUTES

8. This investigation concerns alleged violations of 21 U.S.C. § 841.

9. 21 U.S.C. § 841 (a) (1) prohibits any person to knowingly or intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance, to wit; a mixture or substance containing a detectable amount of methamphetamine, 50 grams or more.

## PROBABLE CAUSE

10. On September 10, 2015, a federal grand jury returned a one count indictment alleging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) in D.N.M. 15-CR-3224 WJ. On September 11, 2015, a federal arrest warrant was issued for Sandra COOK based on this indictment.

11. At approximately 12:45 pm, HSI Agents and Detectives with Bernalillo County Sherriff's Department served an arrest warrant at the residence of 10819 Habanero Way SE,

3

Albuquerque, NM 87123, for Sandra COOK, a federal fugitive whom I had probable cause to believe was presently located at the residence.

12. Upon entering 10819 Habanero Way SE, Albuquerque, NM 87123, Agents located fugitive Sandra COOK near a dining table. The DEVICE was seen on top of the table within arms' reach of COOK.

13. On February 24, 2016, at approximately 1655 hours, the Honorable U.S. Magistrate Judge Steven Yarbrough signed a search warrant for 10819 Habanero Way SE, Albuquerque, NM 87123, pursuant to an investigation of 21 U.S.C. § 841. At approximately 1700 hours, HSI Special Agents and Detectives with Bernalillo County Sherriff's Department served the search warrant at 10819 Habanero Way SE, Albuquerque, NM 87123.

14. During the search warrant, HSI Special Agent J. Harrison found a black and yellow Dewalt tool bag on the same dining table. This tool bag was located approximately 4 feet from where COOK was observed when Agents entered the residence..

15. Inside the tool bag, Agent Harrison discovered a crystalline substance in a plastic ziplock bag, with a gross weight of approximately 460 grams. This substance field tested positive for the properties of methamphetamine. In my training and experience, I recognize this is an amount for distribution. Inside the tool bag, Agent Harrison also discovered approximately $1,489.00 in U.S. currency, which he recognized as bulk cash drug proceeds.

16. Inside a wallet in the toolbag, Agent Harrison discovered a Visa card bearing the name of Jeffrey BURLINGAME as well as a New Mexico driver's license of Sandra COOK. Inside the tool bag, Agents also found a large, loose quantity of small rubber bands of the same

size. In my training and experience, drug traffickers utilize such rubber bands for organizing U.S. currency from drug proceeds. Inside the bag, Agents also found a scanner / debugger which is used for identifying communication signals, like an audio wire on an undercover agent.

17. In my training and experience, when illegal drugs are found with multiple identifications, that means there are likely multiple individuals involved in a conspiracy to traffic the drugs. Part of my search of DEVICE will include looking for other potential co-conspirators.

18. During the search warrant, the DEVICE was also located on the dining table, approximately two feet from the tool bag, which contained the crystalline substance.

19. According to a reliable source of information, COOK has historically maintained detailed information of her drug trafficking activities on a computer, to include information about dates, times, locations, quantities, and debts related to drug trafficking activities.

20. According to a separate, reliable source of information, COOK has historically engaged in video chatting (e.g., Skype) with her source of supply for drugs.

21. Employment record checks with the State of New Mexico indicate there are no employment records for COOK for the past six years. This makes it more likely that they have a criminal livelihood, and thus any recent financial records on the DEVICE are likely related to their drug trafficking activities.

22. The DEVICE includes an integrated touchscreen, which appears to have latent fingerprints on its surface. I believe the examination of these latent fingerprints will indicate who possessed and/or used the DEVICE.

23. The DEVICE is currently in the lawful possession of the Homeland Security Investigations. It came into the Homeland Security Investigations' possession as it was seized as evidence during the above mentioned search warrant. Therefore, while the Homeland Security Investigation's might already have all necessary authority to examine the DEVICE, I seek this additional warrant out of an abundance of caution to be certain that an examination of the DEVICE will comply with the Fourth Amendment and other applicable laws.

24. The DEVICE is currently in storage at Homeland Security Investigations, Albuquerque Office Evidence Locker, 5441 Watson Dr. SE, Albuquerque, New Mexico 87106. In my training and experience, I know that the DEVICE has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the DEVICE first came into the possession of the Homeland Security Investigations.

25. As a Special Agent with HSI my primary duties include, but are not limited to, the investigation into violations of the Controlled Substances Act, Title 21. Based on my experience and training, I know the following:

   a. Individuals who traffic controlled substances will often use electronic devices to communicate and facilitate their drug trafficking activities.

   b. Individuals who deal in drug trafficking will often use electronic devices to store contact information related to those also involved in drug trafficking activities, to include names, addresses, phone numbers, and other identifying information of customers and suppliers.

c. Drug traffickers often use electronic devices to communicate types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions. Also, they often use coded language in their communication on electronic devices to in an attempt to conceal their illegal activities from law enforcement.

d. Individuals involved in drug trafficking will often store photographs of evidence of crimes in their electronic devices, to include photos of drugs, drug proceeds, and firearms possessed while drug trafficking.

e. Individuals involved in drug trafficking often possess electronic devices that contain information related to drug proceeds and drug debts, to include bank account numbers, wire transfer information, and other financial records.

f. Individuals involved in drug trafficking often possess electronic devices that contain information about their movement, to include travel plans and addresses involving illegally transporting controlled substances and drug proceeds.

26. For the reasons above, I believe that the electronic DEVICE will contain evidence of violations of 21 U.S.C. § 841.

## TECHNICAL TERMS

27. Based on my training and experience, I use the following technical terms to convey the following meanings:

     a. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

28. Based on my training, experience, research, and from consulting the manufacturer's advertisements and product technical specifications available online at http://www.dell.com/us/p/inspiron-24-5459-aio/pd and http://downloads.dell.com/manuals/all-products/esuprt_desktop/esuprt_inspiron_desktop/inspiron-24-5459-aio_reference%20guide_en-us.pdf, I know that the DEVICE is an all-in-one desktop computer, with an integrated touchscreen, camera and microphone for video chat, hard disk drive, optical drive (DVD/CD), and Windows operating system. I know the DEVICE has capabilities that allow it to store information on its internal hard drive, facilitate video chat and recording through an integrated camera and microphone, and store electronic media (DVD/CD) inside its optical drive. I also know the DEVICE has capabilities to allow it to access the internet and utilize software and applications (e.g., Skype).

29. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

30. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the

Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

31. There is probable cause to believe that things that were once stored on the DEVICE may still be stored there, for at least the following reasons:

   a. Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

   b. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

   c. Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system

configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

32. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the DEVICE was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file

10

systems can record information about the dates files were created and the sequence in which they were created.

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

    f.  I know that when an individual uses an electronic device to facilitate drug trafficking, the individual's electronic device will generally serve both as an instrumentality for committing the crime (e.g., coordinating the movement of illegal controlled substances and/or drug proceeds)), and also as a storage medium for evidence of the crime (e.g., maintaining records of the movement of illegal controlled substances and/or drug proceeds). The electronic device is likely an instrumentality of the crime because it was likely used as a means to facilitate the criminal offense. The electronic device is also likely to be a storage medium for evidence of crime. From my training and experience, I believe that an electronic device used to commit a crime of this type may contain: data that is evidence of how the electronic device was used; data that was sent or received; and other records that indicate the nature of the offense.

33.  *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the DEVICE consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the DEVICE to human inspection in order to determine whether it is evidence described by the warrant.

34.  *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is probable cause for the

Court to authorize execution of the warrant at any time in the day or night, and that evidence of the listed crime will be found on the DEVICE.

## CONCLUSION

35. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the DEVICE described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

Brett Finn
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me
on March 15, 2016:

Honorable Kirtan Khalsa
UNITED STATES MAGISTRATE JUDGE

## **ATTACHMENT A**

The property to be searched is a Dell Computer, Inspiron 24, Model 5459 Series, Serial 88KV922, hereinafter the "DEVICE." The DEVICE is currently located at Homeland Security Investigations, Albuquerque Office Evidence Locker, 5441 Watson Dr. SE, Albuquerque, NM 87106. The search will include the DEVICE (all-in-one desktop computer), to include the touchscreen and the hard disk drive. The search will also include the DEVICE's optical drive, and the search of any electronic media located inside the DEVICE's optical drive (e.g., DVD/CD).

This warrant authorizes the forensic examination of the DEVICE for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the DEVICE described in Attachment A that relate to violations of 21 U.S.C. § 841 and involve Sandra COOK and any drug co-conspirator since 01/01/2015, including:

    a. Any information related to customers of drug trafficking (including names, addresses, phone numbers, or any other identifying information);

    b. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

    c. types, amounts, prices, photos of drugs trafficked, and/or drug proceeds, as well as dates, places, and amounts of specific transactions;

    d. any information recording COOK and any co-conspirator's schedule or travel from 01/01/2015 to the present, as believed to be related to drug trafficking;

    e. all bank records, checks, credit card bills, account information, and other financial records, as believed to be related to drug trafficking;

2. Evidence of user attribution showing who used or owned the DEVICE at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and internet browsing history, as well as latent fingerprints on the DEVICE.

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or

stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

Case 1:16-mr-00201-KK   Document 1   Filed 03/15/16   Page 17 of 17